## JORDAN *v*. ADAMS.

Opinion delivered June 6, 1921.

1. EVIDENCE — PAROL EVIDENCE TO EXPLAIN WRITING.—Where a written contract required the buyers to accept all apples on the ground after a certain date, parol testimony was admissible to prove that it was the seller's duty to take away the fallen apples on such date; such testimony being introduced, not for the purpose of varying or adding to the terms of the contract, but for the purpose of showing what was essential to a compliance with its terms.

2. APPEAL AND ERROR—HARMLESS ERROR.—In an action by buyers of a crop of apples to recover the balance of a deposit advanced by

the buyers to be held by the seller in reserve, where the latter defended on the ground that the buyers broke the contract by refusing to pay for the last car load delivered, to seller's damage, the buyers contending that the amount so held in reserve was more than sufficient to pay for that car and for the remainder of the crop, it was harmless error to permit cross-examination of the seller as to why he refused an offer of the buyers to place an additional sum in a bank to cover any subsequent indebtedness; such testimony being admitted to test the seller's good faith and credibility, and there being no dispute in the case that the written contract controlled.

3. SALES—BREACH OF CONTRACT.—Where the contract price of the remainder of a crop of apples to be delivered amounted to a comparatively small sum in excess of a balance on deposit held by the seller in reserve to apply upon final settlement, on the buyer's refusal to pay for a car load upon the ground that the amount so held in reserve was sufficient to pay for such car load and for the balance of the crop, the seller was not justified in treating the contract as broken by the buyer, and selling the apples to third persons at a price less than the contract price, and holding the buyer liable for the difference.

4. APPEAL AND ERROR—HARMLESS ERROR.—Where the contract price of the remainder of a crop of apples to be delivered amounted to a comparatively small sum in excess of a balance on deposit held by the seller in reserve to apply upon final settlement, an instruction that the buyer did not break the contract by refusing to make further payment for the last car load delivered, so as to justify the seller in treating the contract as rescinded, if the buyer, in good faith, believed that the deposit would be sufficient to pay for the remainder of the crop, held harmless.

Appeal from Benton Circuit Court; *W. A. Dickson,* Judge; affirmed.

*Rice & Rice,* for appellant.

The court erred in the admission of testimony and its rulings thereon and in giving the third instruction for plaintiff. This instruction is erroneous because it permits plaintiff to breach their contract, which carries with it the legal duty to pay for all apples on delivery, "if they acted in good faith as reasonable men, etc." 56 Ark. 320. This is a similar case and is controlling here.

McCULLOCH, C. J. Appellant and appellees entered into a written contract on August 7, 1919, for the sale and delivery by appellant to appellees of all apples

grown on certain farms in Benton County during the year 1919, at the price of $2.50 per cwt. The contract specified that appellees were to take, at the price mentioned, all of the apples "except what is called rots and knots, a knot being defined as an apple so badly misshapen as to be unmerchantable." The contract also contained the following provision: "Purchaser also agrees to take all apples on the ground after September 15 that are not knots and rots, except that for Jonathan date to be August 22, and Peerless September 1." The stipulation in the contract with reference to mode of payment and delivery reads as follows:

"Fifteen hundred dollars to be paid upon the signing of the contract, this amount to be held in reserve to apply upon final settlement. Payment for all fruit shall be due when delivered to the said Lowell Fruit Company, f. o. b. cars at Centerton, Arkansas.

"The said J. N. Jordan agrees to place the fruit on the screen and stand expense of removing rots and knots, also stand the expense of delivering the fruit to Centerton, Arkansas, to the car or the evaporator, whether in package or in bulk."

The parties proceeded under the contract until most of the fruit from the orchards mentioned had been delivered, the last delivery being a carload on November 5, 1919, the price of which amounted to $712.75, and a controversy arose between the parties after this carload had been hauled away from the place of delivery by the railroad company as to whether or not appellees should pay this amount to plaintiff or charge it against him on the amount advanced as a reserve on final settlement. Appellant insisted on payment of the amount, and appellees refused to pay the money, claiming that the amount due on that car and the price for the remainder of the apples would not be sufficient to exhaust the sum of $1,500 which had been advanced. Appellant then refused to deliver any more apples under the contract and gave appellees written notice to that effect. He sold the remainder of

the apples to other parties at a price which he claims resulted in a loss to him.

Appellees instituted this action against appellant to recover the sum of $608.60, alleged to be due on the balance of the sum of $1,500 advanced, after crediting the price of the last carload of apples delivered and also after crediting a certain amount paid into court by appellant after the commencement of the suit, leaving a balance of six hundred eight dollars and sixty cents. Appellant answered alleging that appellees broke the contract by refusing to pay for the last car delivered and asked for damages for loss on the remainder of the apples, and he also included in his counterclaim certain items of charges against appellees for improper culling of appellees, making the total of his counterclaim $608.60, the precise amount claimed by appellees. It will be observed from the foregoing recitals that this action is to recover the balance of the money advanced as a guaranty under the contract after crediting the last shipment of apples and the counterclaim represents items for damages claimed against appellees for alleged breach of the contract in refusing to accept apples. The issues were submitted to the jury, and there was a verdict in favor of appellees for the sum claimed, $608.60, and appellant has prosecuted his appeal.

There were numerous assignments of error in the motion for new trial, but we will only discuss those which are argued in the brief. In the first place, it is argued that the court erred in permitting witnesses to testify concerning the duty of appellant to clean up under the trees—in other words, to take away the fallen apples—on the dates specified in the contract for appellees to begin taking apples. The argument is that the contract is unambiguous, and that additional requirements can not be engrafted upon it by parol testimony. This testimony was introduced, not for the purpose of varying the terms of the contract or to add terms, but for the purpose of showing what was essential to a compliance with the terms of contract. Appellees being bound under the con-

tract to accept all apples on the ground after a certain date, this testimony tended to show that it was essential that the fallen apples be cleared away from the trees on the date mentioned so as to determine what appellees were to accept. We think the court was correct in permitting this testimony to be introduced.

The next assignment argued here relates to the ruling of the court in requiring appellant, on cross-examination, to give the reason why he was unwilling to accept a certain offer made to him by the agent of appellees for the deposit of $2,000 in a bank at Centerton. When the last carload of apples was delivered, the price amounting to $712.75, a controversy arose between the parties as to whether this price should be paid to appellant or whether it should be credited on the amount of the $1,500 held as reserve. The testimony shows that appellees claimed that the amount held in reserve was more than sufficient to pay for that car and the remainder of the apples. A witness for appellees testified that during the controversy he made an offer to appellant that appellees would put up in a bank at Centerton an additional sum of $2,000 to cover the price of any additional apples and that appellant refused this offer. On the cross-examination of appellant he was asked to give his reason why he refused this offer. Appellant's reply was that the deposit might be withdrawn from the bank as soon as he finished delivering apples. We are unable to see any prejudice whatever in this question and answer. It merely occurred in the cross-examination of appellant for the purpose of testing his good faith and credibility. It was undisputed in the trial of the case that the written contract between the parties controlled, and the court adhered to that view in is various rulings.

The last assignment urged here is that the court erred in giving its third instruction, which reads as follows

"I charge you that if the plaintiffs acting in good faith as reasonable men, and upon reasonable observation or inspection, believed that the $1,500 deposited with de-

fendant would be sufficient to pay defendant for the last car of apples and those remaining undelivered, then there would not be such a breach of contract as would justify or authorize the defendant in treating the contract as rescinded and selling the remaining apples for the account of plaintiff.''

It is clear that appellees were entitled to recover the balance of the reserve fund left in appellant's hands unless appellant has sustained damages for a breach of the contract on appellees part. The only issue really in the case is whether or not appellees broke the contract by refusing to pay and whether appellant sustained loss by reason thereof. The verdict of the jury is necessarily a finding against appellant as to any loss sustained by him on account of the improper culling of the fruit by appellees or by reason of the sale of the fruit on hand after the alleged breach. Appellant claims to have sold the apples at a price less than his contract price with appellees, but the whole amount of the remainder of the apples at the contract price amounted to a comparatively small sum in excess of the balance held by appellant in reserve, and it follows that if appellant could have gotten the contract price by delivering the same to appellees under the contract and credited the same on the advance he was not entitled to claim compensation for loss on the sale made at a lower price to other persons. This instruction, though perhaps erroneous, was harmless, for, as before stated, appellees were entitled to recover the balance of the money held in reserve unless appellant suffered damages which he was entitled to recover on his counterclaim.

Our conclusion is that there was no prejudicial error committed, and the judgment should be affirmed. It is so ordered.